UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-21757-Civ-Martinez/McAliley

Federal Trade Commission, and )
State of Florida, Office of the Attorney General, )
)
    Plaintiffs, )
)
    v. )
)
VGC Corporation of America, )
a Florida Corporation, *also d/b/a* All Dream(s) )
Vacations, All Dreams Travel, Five Star(s) )
Vacations, 5 Star(s) Vacations, Total Tours, )
and Travel & Tours Corp., )
)
All Dream Vacations Corp., )
a Florida Corporation, *also d/b/a* )
All Dreams Vacations, )
)
Violeta Gonzalez, a/k/a Violeta Rojas, )
individually, and as an officer of )
VGC Corporation of America, )
)
Cesar A. Gonzalez, )
individually, and as an officer of VGC )
Corporation of America, )
)
Samir Jose Saer Rodriguez, a/k/a Samir Saer, )
individually, and as an officer of )
VGC Corporation of America and )
All Dream Vacations Corp., )
)
    Defendants. )
                                          )

<u>AMENDED[1] CONSENT JUDGMENT AND CONSENT FINAL ORDER AS TO
SETTLING DEFENDANTS SAMIR JOSE SAER RODRIGUEZ AND
ALL DREAM VACATIONS CORP.</u>

This matter comes before the Court on Complaint of Plaintiffs, Federal Trade Commission ("FTC"), and the State of Florida, Office of the Attorney General (the "State of

---

[1] This Order is amended only to include the attachments that were not included when the first order was docketed.

Florida"). Plaintiffs commenced this action by filing their Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2010). The Complaint alleges that Defendants All Dream Vacations Corp., also d/b/a All Dreams Vacations, and Samir Jose Saer Rodriguez, also known as Samir Saer, together with VGC Corporation of America, also d/b/a All Dream(s) Vacations, All Dreams Travel, Five Star(s) Vacations, 5 Star(s) Vacations, Total Tours, Travel & Tours Corp., and All Dream Tours; Violeta Gonzalez, also known as Violeta Rojas; and Cesar A. Gonzalez made material misrepresentations and failed to disclose material facts to consumers in connection with the advertising, marketing, promotion, offering for sale or sale of vacation packages.

Plaintiffs and Defendants All Dream Vacations Corp., also d/b/a All Dreams Vacations, and Samir Jose Saer Rodriguez, also known as Samir Saer ("Settling Defendants"), have now agreed to a settlement of this action without any adjudication of any issue of fact or law, and without Settling Defendants admitting liability for any of the violations alleged in the Complaint.

The parties' have filed a joint motion asking the Court to enter the following consented to findings and rulings. *See* (D.E. No. 111). Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and personal jurisdiction over each of the Settling Defendants.

2. Venue lies properly with this Court.

3. The activities of the Settling Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Plaintiffs have authority to seek the relief they have requested and the Complaint states a claim upon which relief may be granted against the Settling Defendants.

5. The Settling Defendants waive all right to seek judicial review or otherwise challenge or contest the validity of this Judgment and Final Order ("Final Order").

6. The Settling Defendants further waive and release any claim the Settling Defendants may have against the Plaintiffs, or any of their employees, representatives or agents, including any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by pub. L. 104-121, 110 Stat. 847, 863-64 (1996).

1

7. The Settling Defendants state that they have entered into this Final Order freely and without coercion. The Settling Defendants further state that they have read or have otherwise been fully advised of the provisions of this Final Order and are fully prepared to abide by them.

8. This Final Order, and the relief awarded herein, is in addition to, and not in lieu of, any other remedies that may be provided by law, including both civil and criminal remedies.

9. The parties shall each bear their own costs and attorneys' fees incurred in this action.

10. Entry of this Final Order is in the public interest.

## DEFINITIONS

For purposes of this Final Order, the following definitions shall apply:

1. **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to: "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. **"Assisting others"** includes but is not limited to, providing any of the following services to any person or entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script, other marketing material, or marketing services of any kind; (3) providing names of, or assisting in the generation of, potential customers; (4) providing credit card merchant processing accounts, or otherwise providing access to a billing and collection system (such as a credit card, checking, savings, share or similar account, utility bill, telephone bill, mortgage loan account or debit card), or causing any charges to be made to such an account or utilizing such a system; or (5) acting as an officer or director of a business entity.

3. **"Billing information"** means any data that enables any person to access a customer's or donor's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

4. **"Corporate Defendant"** means All Dream Vacations Corp., also d/b/a All Dreams Vacations, and its successors and assigns.

5. **"Customer"** means any person who is or may be required to pay for goods or services offered.

6. **"Settling Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

7. **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data or data compilations, stored in any medium, from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form through detection devices. A draft or non-identical copy is a separate "document" within the meaning of this term.

8. **"Financial institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

9. **"Individual Defendant"** means Samir Jose Saer Rodriguez, also known as Samir Saer, and whatever other names by which he may be known.

10. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12. **"Plaintiffs"** mean the Federal Trade Commission ("Commission" or "FTC") and the State of Florida, Office of the Attorney General.

13. **"Receiver"** means Jonathan Perlman, the receiver appointed by the Court over defendants VGC Corporation of America, also d/b/a All Dream(s) Vacations, All Dreams Travel, Five Star(s) Vacations, 5 Star(s) Vacations, Total Tours, Travel & Tours Corp., and All Dream Tours; and All Dream Vacations Corp., also d/b/a All Dreams Vacations, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

14. **"Representatives"** means the Settling Defendants' officers, agents, servants,

employees and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Final Order by personal service, facsimile transmission, email or otherwise.

15. **"Vacation Package"** means any goods or services offered in relation to a vacation, including but not limited to transportation; accommodations; amenities; travel planning services; booking and reservation services; and certificates, vouchers, coupons, reservation forms, or other documents that purport to be full or partial payment for, or redeemable for, transportation, accommodations, car rentals, tours, sports or other activities, meals, drinks, or entrance to special events or locations.

## I. PERMANENT BAN ON VACATION PACKAGES

**IT IS HEREBY ORDERED** that the Settling Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others in the marketing, advertising, promotion, offering for sale, or sale of Vacation Packages.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that the Settling Defendants, and their Representatives, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good, service, plan, or program, are hereby restrained and enjoined from:

A. Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that:

1. Consumers who respond to the Settling Defendants' promotions have won a prize; and

2. Consumers who make a payment to the Settling Defendants will receive a good, service, plan, or program.

B. Failing to disclose, or assisting others in failing to disclose, directly or indirectly, expressly or by implication, all material conditions, limitations, or restrictions to purchase, receive or use goods or services offered to consumers, including, but not limited to:

4

        1.      additional required payments;

        2.      age, income, or marital-status requirements; or

        3.      required attendance at a timeshare presentation.

C.      Violating any provision of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2010).

### III. PROHIBITION ON COLLECTING ACCOUNTS

**IT IS FURTHER ORDERED** that the Settling Defendants and their Representatives, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Defendant's goods or services, where the purported authorization for the alleged sale occurred prior to the entry of this Final Order.

### IV. ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Settling Defendants and their Representatives are permanently restrained and enjoined from:

    A.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which was obtained by any Settling Defendant prior to entry of this Final Order in connection with advertising, marketing, promotion, offering for sale or sale of any Vacation Package, or any good or service advertised, marketed, promoted, offered for sale or sold; and

    B.      failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of a final order as to all defendants. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V. MONETARY JUDGMENT AND CONSUMER REDRESS

**IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered in favor of the Commission and the State of Florida and against the Settling Defendants, jointly and severally, in the amount of $14,017,776.00.

B. Except as provided in Section VI of this Final Order, entitled "Right to Reopen as to Monetary Judgment," this judgment shall be suspended on satisfaction of the following conditions:

1. The Individual Defendant shall immediately deliver to the Receiver all right, title and interest to, and possession of, all motorized vehicles and water craft owned by him, to the extent that he has not already done so;

2. Bank of America shall, within five (5) business days of the date of the entry of this Final Order, transfer to the Receiver for the benefit of the Plaintiffs all assets held on account for the Individual Defendant;

3. JPMorgan Chase & Co. shall, within five (5) business days of the date of the entry of this Final Order, transfer to the Receiver for the benefit of the Plaintiffs all assets held on account for the Individual Defendant; and

4. New York Life Insurance shall, within five (5) business days of the date of the entry of this Final Order, transfer to the Receiver for the benefit of the Plaintiffs the cash surrender value of the life insurance policy made on the Individual Defendant's minor child and for the benefit of the Individual Defendant.

C. All monies paid to the Commission and the State of Florida pursuant to this Final Order ("joint monies") shall be deposited into a fund administered by the Commission or its agents on behalf of both the Commission and the State of Florida. This fund shall be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses

for the administration of such equitable relief. In the event that the Commission determines that direct redress to consumers is wholly or partially impracticable or joint monies remain after the redress is completed, the Commission may, in its discretion, apply any portion of the joint monies for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint, relinquish its authority over any portion of the joint monies not used for equitable relief to the State of Florida, as described in Subparagraph D below, or both. The Settling Defendants shall have no right to challenge the Commission's choice of remedies under this Section. The Settling Defendants shall have no right to contest the manner of distribution chosen by the Commission and the State of Florida.

     D.     All joint funds not used for the equitable relief described in subparagraph C ("remaining joint funds") shall be distributed among the Commission and the State of Florida in the following manner:

          1.     The State of Florida shall be reimbursed for the costs and fees it incurred in this matter, including, but not limited to, its costs of investigation and litigation; after which

          2.     All remaining joint funds shall be divided equally between the Commission, for deposit into the U.S. Treasury as disgorgement, and the State of Florida.

     E.     No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

     F.     Settling Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Settling Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

     G.     Settling Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Final Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Settling Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to

7

Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Final Order shall have collateral estoppel effect for such purposes.

H. Settling Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Plaintiffs Settling Defendants' taxpayer identifying numbers (social security number or employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Settling Defendants' relationship with the government.

I. The Individual Defendant agrees that he will not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment by the Individual Defendant pursuant to this Order. The Individual Defendant further agrees that he will not seek a credit or refund of any kind for federal or state taxes or penalties for tax years 2008, 2009, 2010, or 2011. If the Individual Defendant otherwise obtains a credit or refund of any federal or state taxes or penalties paid for tax years 2008, 2009, 2010, or 2011, then the Individual Defendant shall promptly pay the Commission the amount of such credit or refund, together with any interest the Individual Defendant earned in connection with any such credit or refund.

J. Unless he has done so already, the Individual Defendant is further required to provide the Plaintiffs with clear, legible and full-size photocopies of his valid driver's license, which will be used for reporting and compliance purposes.

K. Any proceedings to lift the suspension of judgment instituted under this Section is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Final Order.

## VI. RIGHT TO REOPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. By agreeing to this Final Order, Settling Defendants reaffirm and attest to the truthfulness, accuracy and completeness of their written Financial Statements dated May 23, 2011 and August 22, 2011. This Court's Final Order, and the Plaintiffs' agreement to enter into

this Final Order, are expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' financial conditions, as represented in the Financial Statements referenced above, which contain material information upon which the Plaintiffs relied in negotiating and agreeing to the terms of this Final Order.

B. If, upon motion by Plaintiffs, this Court should find that one or more Settling Defendants failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statements, the Court shall reinstate the suspended judgment against such Settling Defendants, in favor of the Commission and the State of Florida, in the amount of $14,017,776.00, which Plaintiffs and Settling Defendants stipulate is the amount of consumer injury jointly and severally caused by the Settling Defendants, less any payments made to the Plaintiffs, plus interest from the entry date of this Final Order, pursuant to 28 U.S.C. § 1961. *Provided, however*, that in all other respects, this Final Order shall remain in full force and effect unless otherwise ordered by the Court.

## VII. RECEIVERSHIP PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Except as modified by this Section of the Final Order, the receivership imposed by this Court shall continue as set forth in the Order of Preliminary Injunction (Doc. 57).

B. The Receiver shall take all steps necessary to immediately wind down the affairs and liquidate the assets of the Corporate Defendant, as well as the assets of the Individual Defendant surrendered to the Receiver pursuant to Section V of this Final Order, from wherever and in whatever form they may be located.

C. Upon the liquidation of any asset held by or surrendered to the Receiver, the Receiver shall, at the FTC's request, immediately transfer all proceeds to the FTC, or its designated representative, in partial satisfaction of the judgment pursuant to Sections V and VI of this Final Order.

D. Settling Defendants, their officers, employees, agents, servants, attorneys, representatives, predecessors, successors, assigns and affiliates, release and discharge the Receiver and those that he employed in this matter from any and all claims, demands, actions,

causes of actions, or suits that now exist or may hereafter accrue, whether known or unknown, that relate to this Final Order or to the lawsuit that is the subject of this Final Order.

## VIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Final Order and (ii) investigating the accuracy of any Settling Defendants' financial statements upon which the Plaintiffs' agreement to this Final Order is expressly premised:

A.   Within ten (10) days of receipt of written notice from a representative of the Plaintiffs, the Settling Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Settling Defendant's possession or direct or indirect control to inspect the business operation;

B.   In addition, the Plaintiffs are authorized to use all other lawful means, including, but not limited to:

1. obtaining discovery from any person, without further leave of the Court, using the procedures prescribed by Federal Rule of Civil Procedure 30, 31, 33, 34, 36, 45 and 69;

2. having its representatives pose as consumers and suppliers to Settling Defendants, their employees, or any other entity managed or controlled in whole or in part by any Settling Defendant, without the necessity of identification or prior notice; and

C.   The Settling Defendants each shall permit representatives of the Plaintiffs to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Final Order. The person interviewed may have counsel present.

*Provided however*, that nothing in this Final Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to

unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Final Order may be monitored:

    A.    For a period of five (5) years from the date of entry of this Final Order,

        1.    The Individual Defendant shall notify the Commission of the following:

            a.    Any changes in such Individual Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

            b.    Any changes in such Individual Defendant's employment status (including self-employment), and any change in such Individual Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that such Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Individual Defendant's duties and responsibilities in connection with the business or employment; and

            c.    Any changes in such Individual Defendant's name or use of any aliases or fictitious names;

        2.    The Settling Defendants shall notify the Commission of any changes in structure of the Corporate Settling Defendant or any business entity that any Settling Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Final Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order; or a change in the business name or

address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the business entity about which a Settling Defendant learns less than thirty (30) days prior to the date such action is to take place, such Settling Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  One hundred eighty (180) days after the date of entry of this Final Order and annually thereafter for a period of five (5) years, the Settling Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Final Order. This report shall include, but not be limited to:

1.  For the Individual Defendant:

   a.  such Individual Defendant's then-current residence address, mailing addresses, and telephone numbers;

   b.  such Individual Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Individual Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Individual Defendant's duties and responsibilities in connection with the business or employment; and

   c.  Any other changes required to be reported under Subsection A of this Section.

2.  For all Settling Defendants:

   a.  A copy of each acknowledgment of receipt of this Final Order, obtained pursuant to the Section titled "Distribution of Final Order;" and

   b.  Any other changes required to be reported under Subsection A of this Section.

C.  Each Settling Defendant shall notify the Commission of the filing of a

bankruptcy petition by such Settling Defendant within fifteen (15) days of filing.

D. For the purposes of this Final Order, the Settling Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Final Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE: FTC v. VGC Corporation of America, X110034

*Provided that*, in lieu of overnight courier, the Settling Defendants may send such reports or notifications by first-class mail, but only if the Settling Defendants contemporaneously send an electronic version of such report or notification to the commission at DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Final Order, the Commission is authorized to communicate directly with each Settling Defendant.

## X. RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Final Order, the Corporate Defendant, and the Individual Defendant for any business for which he, individually or collectively, is the majority owner or directly or indirectly controls, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts

13

paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

      D.     Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

      E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials, including websites and weblogs; and

      F.     All records and documents necessary to demonstrate full compliance with each provision of this Final Order, including but not limited to, copies of acknowledgments of receipt of this Final Order required by the Sections titled "Distribution of Final Order" and "Acknowledgment of Receipt of Final Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## XI. DISTRIBUTION OF FINAL ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Final Order, the Settling Defendants shall deliver copies of the Final Order as directed below:

      A.     Corporate Defendant: The Corporate Defendant must deliver a copy of this Final Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Final Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Final Order upon such Corporate Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

      B.     Individual Defendant as Control Person: For any business that the Individual Defendant controls, directly or indirectly, or in which such Individual Defendant has a majority ownership interest, such Individual Defendant must deliver a copy of this Final Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business; and (3) any business entity resulting from any change in

14

structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Final Order upon such Settling Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

   C. Individual Defendant as employee or non-control person: For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Final Order, such Individual Defendant must deliver a copy of this Final Order to all principals and managers of such business before engaging in such conduct.

   D. The Settling Defendants must secure a signed and dated statement acknowledging receipt of the Final Order, within thirty (30) days of delivery, from all persons receiving a copy of the Final Order pursuant to this Section.

## XII. COOPERATION WITH PLAINTIFFS' COUNSEL

**IT IS FURTHER ORDERED** that each Settling Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the Plaintiffs' Complaint, cooperate in good faith with the Plaintiffs and appear, or cause its officers, employees, representatives, or agents to appear, at such places and times as the Plaintiffs shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the Plaintiffs. If requested in writing by the Plaintiffs, a Settling Defendant shall appear, or cause its officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## XIII. ACKNOWLEDGMENT OF RECEIPT OF FINAL ORDER

**IT IS FURTHER ORDERED** that each Settling Defendant, within five (5) business days of receipt of this Final Order as entered by the Court, must submit to the Commission a

truthful sworn statement acknowledging receipt of this Final Order in the style of the form appended as Attachment A hereto.

## XIV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

**IT IS SO ORDERED,** this 17 day of February, 2012, at 1:05 p.m.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record

# Attachment "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Federal Trade Commission, et al.<br><br>Plaintiffs,<br>v.<br><br>VGC Corporation of America, et al.,<br><br>Defendants. | **ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER BY DEFENDANTS SAMIR JOSE SAER RODRIGUEZ AND ALL DREAM VACATIONS CORP.** |

1. My name is Samir Jose Saer Rodriguez. My job title is President of All Dream Vacations Corp., and I am authorized to accept service of process on All Dream Vacations Corp. I am citizen of _____ over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2. I was a Defendant, and All Dream Vacations Corp. was a Defendant, in *FTC et al. v. VGC Corporation of America et al.*, which is the court case listed near the top of this page.

3. On _____, 2011, I received a copy of the **Judgment and Final Order**, which was signed by the Honorable Jose E. Martinez and entered by the Court on _____, 2011. A true and correct copy of the Order that I received is attached to this Acknowledgment.

4. On _____, 2011, All Dream Vacations Corp. received a copy of the **Judgment and Final Order**, which was signed by the Honorable Jose E. Martinez and entered by the Court on _____, 2011. A true and correct copy of the Order attached to this Acknowledgment is a true and correct copy of the Order All Dream Vacations Corp. received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____, 2011.

_____
Samir Jose Saer Rodriguez,
*individually and as an officer of
All Dream Vacations Corp.*

State of _____, City of _____

      Subscribed and sworn to before me
this _____ day of _____, 201__.

_____
Notary Public

My commission expires:

_____