# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 11-21757-Civ-Martinez/McAliley

| | |
|---|---|
| Federal Trade Commission, and | ) |
| State of Florida, Office of the Attorney General, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|        v. | ) |
| | ) |
| VGC Corporation of America, | ) |
| a Florida Corporation, *also d/b/a* All Dream(s) | ) |
| Vacations, All Dreams Travel, Five Star(s) | ) |
| Vacations, 5 Star(s) Vacations, Total Tours, | ) |
| and Travel & Tours Corp., | ) |
| | ) |
| All Dream Vacations Corp., | ) |
| a Florida Corporation, *also d/b/a* | ) |
| All Dreams Vacations, | ) |
| | ) |
| Violeta Gonzalez, a/k/a Violeta Rojas, | ) |
| individually, and as an officer of | ) |
| VGC Corporation of America, | ) |
| | ) |
| Cesar A. Gonzalez, | ) |
| individually, and as an officer of VGC | ) |
| Corporation of America, | ) |
| | ) |
| Samir Jose Saer Rodriguez, a/k/a Samir Saer, | ) |
| individually, and as an officer of | ) |
| VGC Corporation of America and | ) |
| All Dream Vacations Corp., | ) |
| | ) |
|     Defendants. | ) |

## AMENDED[1] CONSENT JUDGMENT AND CONSENT FINAL ORDER AS TO DEFENDANTS VIOLETA GONZALEZ, CESAR A. GONZALEZ, AND VGC CORPORATION OF AMERICA

This matter comes before the Court on Complaint of Plaintiffs, Federal Trade

Commission ("FTC"), and the State of Florida, Office of the Attorney General (the "State of

---

[1] This Order is amended only to include the attachments that were not included when the first order was docketed.

Florida"). Plaintiffs commenced this action by filing their Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2010). The Complaint alleged that Defendants made material misrepresentations and failed to disclose material facts to consumers in connection with the advertising, marketing, promotion, offering for sale or sale of vacation packages.

Plaintiffs and Defendants, VGC Corporation of America, also d/b/a All Dream(s) Vacations, All Dreams Travel, Five Star(s) Vacations, 5 Star(s) Vacations, Total Tours, Travel & Tours Corp., and All Dream Tours; Violeta Gonzalez, also known as Violeta Rojas; and Cesar A. Gonzalez have now agreed to a settlement of this action without any adjudication of any issue of fact or law, and without Defendants admitting liability for any of the violations alleged in the Complaint.

The parties' have filed a joint motion asking the Court to enter the following consented to findings and rulings. *See* (D.E. No. 111). Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### FINDINGS

1.        This Court has jurisdiction over the subject matter of this case and personal jurisdiction over Defendants.

2.        Venue lies properly with this Court.

3.        The activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.        The Plaintiffs have authority to seek the relief they have requested and the Complaint states a claim upon which relief may be granted against Defendants.

5.        Defendants Violeta Gonzalez and Cesar A. Gonzalez filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2011. The Plaintiffs' prosecution of this action, including the entry of a money judgment and the enforcement of a judgment other

than a money judgment obtained in this action, are actions to enforce the Plaintiffs' police or regulatory powers. As a result, if the bankruptcy case is pending as of the date of entry of this Final Judgment and Order ("Final Order"), then these actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

6.      Defendants waive all right to seek judicial review or otherwise challenge or contest the validity of this Final Judgment and Order ("Final Order").

7.      Defendants further waive and release any claim Defendants may have against the Plaintiffs, or any of their employees, representatives or agents, including any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by pub. L. 104-121, 110 Stat. 847, 863-64 (1996).

8.      Defendants state that they have entered into this Final Order freely and without coercion. Defendants further state that they have read or have otherwise been fully advised of the provisions of this Final Order and are fully prepared to abide by them.

9.      This Final Order, and the relief awarded herein, is in addition to, and not in lieu of, any other remedies that may be provided by law, including both civil and criminal remedies.

10.     The parties shall each bear their own costs and attorneys' fees incurred in this action.

11.     Entry of this Final Order is in the public interest.

## DEFINITIONS

For purposes of this Final Order, the following definitions shall apply:

1.      **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to: "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting others"** includes but is not limited to, providing any of the

2

following services to any person or entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script, other marketing material, or marketing services of any kind; (3) providing names of, or assisting in the generation of, potential customers; (4) providing credit card merchant processing accounts, or otherwise providing access to a billing and collection system (such as a credit card, checking, savings, share or similar account, utility bill, telephone bill, mortgage loan account or debit card), or causing any charges to be made to such an account or utilizing such a system; or (5) acting as an officer or director of a business entity.

3.     **"Billing information"** means any data that enables any person to access a customer's or donor's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

4.     **"Corporate Defendant"** means VGC Corporation of America, also d/b/a All Dream(s) Vacations, All Dreams Travel, Five Star(s) Vacations, 5 Star(s) Vacations, Total Tours, Travel & Tours Corp., and All Dream Tours, and its successors and assigns.

5.     **"Customer"** means any person who is or may be required to pay for goods or services offered.

6.     **"Defendants"** means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

7.     **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data or data compilations, stored in any medium, from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form through detection devices.  A draft or non-identical copy is a separate "document" within the meaning of this term.

8.     **"Financial institution"** means any bank, savings and loan institution,

3

credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

9.    **"Individual Defendants"** means Violeta Gonzalez, also known as Violeta Rojas, and Cesar A. Gonzalez, and whatever other names by which each may be known.

10.   **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11.   **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12.   **"Plaintiffs"** mean the Federal Trade Commission ("Commission" or "FTC") and the State of Florida, Office of the Attorney General.

13.   **"Receiver"** means Jonathan Perlman, the receiver appointed by the Court over defendants VGC Corporation of America,  also d/b/a All Dream(s) Vacations, All Dreams Travel, Five Star(s) Vacations, 5 Star(s) Vacations, Total Tours, Travel & Tours Corp., and All Dream Tours, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

14.   **"Representatives"** means Defendants' officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Final Order by personal service, facsimile transmission, email or otherwise.

15.   **"Vacation Package"** means any goods or services offered in relation to a vacation, including but not limited to transportation; accommodations; amenities; travel planning services; booking and reservation services; and certificates, vouchers, coupons, reservation forms, or other documents that purport to be full or partial payment for, or redeemable for, transportation, accommodations, car rentals, tours, sports or other activities, meals, drinks, or entrance to special events or locations.

## I. PERMANENT BAN ON VACATION PACKAGES

**IT IS HEREBY ORDERED** that Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others in the marketing, advertising, promotion, offering for sale, or sale of Vacation Packages.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendants, and their Representatives, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good, service, plan, or program, are hereby restrained and enjoined from:

A.      Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that:

    1.     Consumers who respond to Defendants' promotions have won a prize; and

    2.     Consumers who make a payment to Defendants will receive a good, service, plan, or program.

B.      Failing to disclose, or assisting others in failing to disclose, directly or indirectly, expressly or by implication, all material conditions, limitations, or restrictions to purchase, receive or use goods or services offered to consumers, including, but not limited to:

    1.     additional required payments;

    2.     age, income, or marital-status requirements; or

    3.     required attendance at a timeshare presentation.

C.      Violating any provision of the Florida Deceptive and Unfair Trade Practices Act,

Chapter 501, Part II, Florida Statutes (2010).

### III. PROHIBITION ON COLLECTING ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Defendant's goods or services, where the purported authorization for the alleged sale occurred prior to the entry of this Final Order.

### IV. ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives are permanently restrained and enjoined from:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which was obtained by any Defendant prior to entry of this Final Order in connection with advertising, marketing, promotion, offering for sale or sale of any Vacation Package, or any good or service advertised, marketed, promoted, offered for sale or sold; and

B. failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Final Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V.  MONETARY JUDGMENT AND CONSUMER REDRESS

**IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered in favor of the Commission and the State of Florida and against Defendants, jointly and severally, in the amount of $14,017,776.00.

B.      This judgment shall be suspended upon the Individual Defendants' satisfaction of their obligations under Subparagraph C and D below, except as provided in Section VI of this Final Order, entitled "Right to Reopen as to Monetary Judgment."

C.      The Individual Defendants agree that if their bankruptcy case remains pending as of the date of the entry of this Order:

1.      that the judgment ordered by Subsection A of this Section is not dischargeable in bankruptcy;

2.      to the concurrent filing by the Commission in their bankruptcy case of:

a.      a Complaint to Determine Nondischargeability of Debt Owed to the Federal Trade Commission in the form attached as Attachment A, and

b.      a Stipulated Judgment for Nondischargeability of Debt owed to the Federal Trade Commission in the form attached as Attachment B, which the Individual Defendants have executed concurrently with their execution of this Final Order, determining that the judgment ordered by Subsection A of this Section, including the conditions set forth in the Section of this Final Order titled "Right to Reopen as to Monetary Judgment," are

7

excepted from discharge pursuant to Section 523(a)(2)(A) of the Bankruptcy code, 11 U.S.C. § 523(a)(2)(A); and

c.     that they will not object to the allowance of a general unsecured claim in their bankruptcy case in favor of the FTC in the amount of $14,017,776.00.

D.     The Individual Defendants further agree that if their bankruptcy case is dismissed as of the date of entry of this Final Order, and if no bankruptcy petition has been refiled by or against the Individual Defendants as of the date of this Order:

1.     As to Defendant Violeta Rojas Gonzalez:

a.     Defendant shall immediately deliver to the Receiver all right, title and interest to, and possession of, all motorized vehicles and water craft owned by her, including those she has identified in Item 21 of her Financial Statement, dated May 26, 2011:

     i.     Harley Davidson Fat Boy, model year 2007; and

     ii.     Harley Davidson Custom Road King, model year 2007.

b.     Defendant shall immediately deliver to the Receiver all right, title and interest to, and possession of, her jewelry listed in Item 20 of her Financial Statement, dated May 26, 2011;

c.     Wachovia Bank shall, within five (5) business days of the date of the entry of this Final Order, transfer to the Receiver for the benefit of the Plaintiffs all assets held on account for Defendant; and

d.     Eastern National Bank shall, within five (5) business days of the date of the entry of this Final Order, transfer to the Receiver for the benefit of the Plaintiffs all assets held on account for Defendant;

2.      As to Defendant Cesar A. Gonzalez:

     a.      Defendant shall immediately deliver to the Receiver all right, title and interest to, and possession of, all motorized vehicles and water craft owned by him, including those he has identified in Item 21 of his Financial Statement, dated May 26, 2011:

         i.      Harley Davidson Fat Boy, model year 2007; and

         ii.     Harley Davidson Custom Road King, model year 2007.

     b.      Defendant shall immediately deliver to the Receiver all right, title and interest to, and possession of, his jewelry listed in Item 20 of his Financial Statement, dated May 26, 2011;

     c.      Wachovia Bank shall, within five (5) business days of the date of the entry of this Final Order, transfer to the Receiver for the benefit of the Plaintiffs all assets held on account for Defendant; and

     d.      Eastern National Bank shall, within five (5) business days of the date of the entry of this Final Order, transfer to the Receiver for the benefit of the Plaintiffs all assets held on account for Defendant;

3.      The Individual Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case.  Individual Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A); and

4.      The Individual Defendants agree that they will not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment by an Individual Defendant pursuant to this Order. Individual Defendants further agree that they will not seek a credit or refund of any kind for federal or state taxes or penalties for tax years 2008, 2009, 2010, or 2011. If any Individual Defendant otherwise obtains a credit or refund of any federal or state taxes or penalties paid for tax years 2008, 2009, 2010, or 2011, then the Individual Defendant shall promptly pay the Commission the amount of such credit or refund, together with any interest the Individual Defendant earned in connection with any such credit or refund.

E.      All monies paid to the Commission and the State of Florida pursuant to this Final Order ("joint monies") shall be deposited into a fund administered by the Commission or its agents on behalf of both the Commission and the State of Florida. This fund shall be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that the Commission determines that direct redress to consumers is wholly or partially impracticable or joint monies remain after the redress is completed, the Commission may, in its discretion, apply any portion of the joint monies for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint, relinquish its authority over any portion of the joint monies not used for equitable relief to the State of Florida as described in Subparagraph D below, or both. The Defendants shall have no right to challenge the Commission's choice of remedies under this Section. The Defendants shall have no right to contest the manner of distribution chosen by the Commission and the State of Florida.

F.     All joint funds not used for the equitable relief described in Paragraph C of this Section ("remaining joint funds") shall be distributed among the Commission and the State of Florida in the following manner:

1.     The State of Florida shall be reimbursed for the costs and fees it incurred in this matter, including, but not limited to, its costs of investigation and litigation; after which

2.     All remaining joint funds shall be divided equally between the Commission, for deposit into the U.S. Treasury as disgorgement, and the State of Florida.

G.     No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

H.     Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

I.     The corporate Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Final Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  The corporate Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S. C. § 523(a)(2)(A), and this Final Order shall have collateral estoppel effect for such purposes.

J.     Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Plaintiffs Defendants' taxpayer identifying numbers (social security number or employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

11

K.     Unless they have done so already, the Individual Defendants are further required to provide the Plaintiffs with clear, legible and full-size photocopies of all valid driver's licenses they possess, which will be used for reporting and compliance purposes.

L.     Any proceedings to lift the suspension of judgment instituted under this Section is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Final Order.

## VI.  RIGHT TO REOPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.     By agreeing to this Final Order, Defendants reaffirm and attest to the truthfulness, accuracy and completeness of their sworn Financial Statements dated May 26, 2011.  This Court's Final Order, and the Plaintiffs' agreement to enter into this Final Order, are expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial conditions, as represented in the Financial Statements and sworn testimony referenced above, which contain material information upon which the Plaintiffs relied in negotiating and agreeing to the terms of this Final Order.

B.     If, upon motion by Plaintiffs, this Court should find that one or more Defendants failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statements or sworn testimony, the Court shall reinstate the suspended judgment against such Defendant, in favor of the Commission and the State of Florida, in the amount of $14,017,776.00, which Plaintiffs and Defendants stipulate is the amount of consumer injury jointly and severally caused by the Defendants, less any payments made to the Plaintiffs, plus interest from the entry date of this Final Order, pursuant to 28 U.S.C. § 1961. *Provided, however*, that in all other respects, this Final Order shall remain in full force and effect unless otherwise ordered by the Court.

## VII.  RECEIVERSHIP PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      Except as modified by this Section of the Final Order, the receivership imposed by this Court shall continue as set forth in the Order of Preliminary Injunction (Doc. 57).

B.      The Receiver shall take all steps necessary to immediately wind down the affairs and liquidate the assets of the receivership Defendants, as well as the assets of the Individual Defendants surrendered to the Receiver pursuant to Section V of this Final Order, from wherever and in whatever form they may be located.

C.      The Receiver shall continue to be entitled to compensation for the performance of his duties pursuant to this Final Order, from the assets of the receivership Defendants, at the billing rate previously agreed to by the Receiver.  Within 30 days after entry of this Final Order, and every 30 days thereafter until completed, the Receiver shall file with the Court, and serve on the parties, an accounting and request for the payment of such reasonable compensation.

D.      Upon the liquidation of any asset held by or surrendered to the Receiver, the Receiver shall, at the FTC's request, immediately transfer all proceeds to the FTC, or its designated representative.

E.      Upon approval of the Receiver's final report and request for payment, the Receiver shall apply to terminate the receivership, and any funds remaining after payment of the Receiver's final request for payment shall be remitted to the FTC or its designated representative.

F.      Within five (5) days of termination of the receivership, the Receiver shall return all records of the Receivership Defendants in his possession relating to their financial affairs to the Individual Defendants so that they may prepare and file all necessary income tax returns.

The Receiver is also directed to promptly turn over to Plaintiffs all records containing the customer information described in Section IV of this Final Order.

G.     Defendants, their officers, employees, agents, servants, attorneys, representatives, predecessors, successors, assigns and affiliates, release and discharge the Receiver and those that he employed in this matter from any and all claims, demands, actions, causes of actions, or suits that now exist or may hereafter accrue, whether known or unknown, that relate to this Final Order or to the lawsuit that is the subject of this Final Order.

## VIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Final Order and (ii) investigating the accuracy of any Defendants' financial statements upon which the Plaintiffs' agreement to this Final Order is expressly premised:

A.     Within ten (10) days of receipt of written notice from a representative of the Plaintiffs, the Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Plaintiffs are authorized to use all other lawful means, including, but not limited to:

1.     obtaining discovery from any person, without further leave of the Court, using the procedures prescribed by Federal Rule of Civil Procedure 30, 31, 33, 34, 36, 45 and 69;

2.     having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

14

C.      The Defendants each shall permit representatives of the Plaintiffs to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Final Order.  The person interviewed may have counsel present.

*Provided however*, that nothing in this Final Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Final Order may be monitored:

A.      For a period of five (5) years from the date of entry of this Final Order,

    1.      The Individual Defendants shall notify the Commission of the following:

        a.      Any changes in such Individual Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b.      Any changes in such Individual Defendant's employment status (including self-employment), and any change in such Individual Defendant's ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Individual Defendant's duties and

responsibilities in connection with the business or employment; and

c.    Any changes in such Individual Defendant's name or use of any aliases or fictitious names;

2.    The Defendants shall notify the Commission of any changes in structure of the Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Final Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Final Order and annually thereafter for a period of five (5) years, the Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Final Order. This report shall include, but not be limited to:

1.    For the Individual Defendants:

a.    such Individual Defendant's then-current residence address, mailing addresses, and telephone numbers;

16

b.   such Individual Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Individual Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Individual Defendant's duties and responsibilities in connection with the business or employment; and

c.   Any other changes required to be reported under Subsection A of this Section.

2.   For all Defendants:

a.   A copy of each acknowledgment of receipt of this Final Order, obtained pursuant to the Section titled "Distribution of Final Order;" and

b.   Any other changes required to be reported under Subsection A of this Section.

C.   Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.   For the purposes of this Final Order, the Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Final Order to the Commission, to the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Room NJ-2122
Washington, D.C. 20580
RE: FTC v. VGC Corporation of America, X110034

17

*Provided that*, in lieu of overnight courier, the Defendants may send such reports or notifications by first-class mail, but only if the Defendants contemporaneously send an electronic version of such report or notification to the Commission at DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this Final Order, the Commission is authorized to communicate directly with each Defendant.

## X.  RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Final Order, the Corporate Defendant, and the Individual Defendants for any business for which either of them, individually or collectively, is the majority owner or directly or indirectly controls, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

18

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials, including websites and weblogs; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Final Order, including but not limited to, copies of acknowledgments of receipt of this Final Order required by the Sections titled "Distribution of Final Order" and "Acknowledgment of Receipt of Final Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## XI.  DISTRIBUTION OF FINAL ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Final Order, the Defendants shall deliver copies of the Final Order as directed below:

A.    Corporate Defendant:  The Corporate Defendant must deliver a copy of this Final Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Final Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Final Order upon such Corporate Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.    Individual Defendants as control persons:  For any business that an Individual Defendant controls, directly or indirectly, or in which such Individual Defendant has a majority ownership interest, such Individual Defendant must deliver a copy of this Final Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current

19

personnel, delivery shall be within five (5) days of service of this Final Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

      C.     Individual Defendant as employee or non-control person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Final Order, such Individual Defendant must deliver a copy of this Final Order to all principals and managers of such business before engaging in such conduct.

      D.     The Defendants must secure a signed and dated statement acknowledging receipt of the Final Order, within thirty (30) days of delivery, from all persons receiving a copy of the Final Order pursuant to this Section.

## XII. COOPERATION WITH PLAINTIFFS' COUNSEL

**IT IS FURTHER ORDERED** that each Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the Plaintiffs' Complaint, cooperate in good faith with the Plaintiffs and appear, or cause its officers, employees, representatives, or agents to appear, at such places and times as the Plaintiffs shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the Plaintiffs. If requested in writing by the Plaintiffs, a Defendant shall appear, or cause its officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

### XIII.  ACKNOWLEDGMENT OF RECEIPT OF FINAL ORDER

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Final Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Final Order in the style of the form appended as Attachment C hereto.

### XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.  The Clerk is **DIRECTED** to mark this case as **CLOSED**.

**IT IS SO ORDERED,** this 17 day of February, 2012, at 1:15 p.m.

_Jose E. Martinez_
_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record

21

# Attachment "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION, )
 )
    Plaintiff, )
 )
    v. )
 ) ADV. PROC. NO. _____
CESAR GONZALES & VIOLETA GONZALEZ, )
 )
    Defendants. )
 )
 )
IN RE: ) CASE NO. 11-38527-AJC
 )
CESAR GONZALES & VIOLETA GONZALEZ, ) CHAPTER 7
 )
    Debtors. )
 )

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

    Plaintiff Federal Trade Commission brings this adversary proceeding pursuant to 11

U.S.C. § 523(a)(2)(A) and (c), seeking an order determining that a judgment obtained by the

Plaintiff Federal Trade Commission ("Commission") against Defendants Cesar Gonzalez and

Violeta Gonzalez ("Defendants") is excepted from discharge.

**JURISDICTION AND VENUE**

    1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334,

and 11 U.S.C. § 523.  This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(I).

    2.    Venue in the Southern District of Florida is proper under 28 U.S.C. § 1409(a).

    3.    This Adversary Proceeding relates to *In re Cesar Gonzalez and Violeta Gonzales*,

Case No. 11-38527-AJC (Chapter 7), now pending in this Court.  The Commission is a creditor

1

with a general unsecured claim against Defendants pursuant to a Judgment and Final Order

("District Court Judgment") entered in the United States District Court for the Southern District

of Florida ("District Court") on _____, 2011, in the case styled *FTC v. VGC Corporation

of America*, et al., Case No. 11-21757("Enforcement Action") . Debtor's co-defendants in the

Enforcement Action are: VGC Corporation of America ("VGC"), All Dream Vacation Corp.

("All Dream"), and Samir Jose Saer Rodriguez.

      4.      The District Court Judgment includes a judgment in favor of the Commission and

against Defendants, jointly and severally, in the principal amount of $____.  District Court

Judgment ¶ ___.  Based upon financial statements and supporting documents provided by

Debtors to the Commission, the District Court conditionally suspended this judgment.  District

Court Judgment ¶ ___.  The judgment may be reinstated by the District Court in accordance with

¶ ¶ ____ and ___. of the District Court Judgment.  A copy of the District Court Judgment is

attached and incorporated as Exhibit 1.

**PLAINTIFFS**

      5.      The FTC is an independent agency of the United States Government created by

statute.  15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

which prohibits unfair or deceptive acts or practices in or affecting commerce.

      6.      The FTC is authorized to initiate federal district court proceedings, by its own

attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be

appropriate in each case, including rescission or reformation of contracts, restitution, the refund

of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b) and 56(a)(2)(A).

2

## DEFENDANTS

7.      Defendant Violeta Gonzalez, also known as Violeta Rojas, is an owner and President and Chief Executive Officer of VGC.  She is also a manager of All Dream.  At all times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of VGC and All Dream, including the acts and practices set forth in this Complaint.  Defendant Violeta Gonzalez resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

8.      Defendant Cesar Gonzalez is an owner and Vice President of VGC.  At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of VGC and All Dream, including the acts and practices set forth in this Complaint.  Defendant Cesar Gonzalez resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

9.      VGC and All Dream have operated as a common enterprise while engaging in the deceptive acts and practices alleged below.  Defendants have conducted the business practices described below through companies that have common ownership, officers, managers, business functions, employees, advertisements, and office locations; and that have commingled funds. Defendants Violeta Gonzalez and Cesar Gonzalez have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of VGC and All Dream that constitute the common enterprise.

3

## DEFENDANTS' CONDUCT GIVING RISE TO NONDISCHARGEABLE DEBT

10.     Since at least January 2008, Defendants deceptively marketed a prize promotion involving a vacation package to consumers, most of whom are Spanish-speaking.

11.     Defendants advertised nationwide through purported contests on Spanish-language television and radio stations, offering a vacation package as a prize to certain callers who correctly guessed the answer to a simple trivia question.

12.     Consumers who called the number provided were uniformly told they won a vacation package, consisting of one or more trips to popular destinations.  Defendants then informed consumers that they had to immediately pay a tax or an administrative fee, generally ranging from $200-$400, in order to receive their promised vacation package.

13.     Consumers who paid Defendants the taxes or administrative fees did not receive their promised vacation packages.

**A.      The Initial Pitch**

14.     Defendants initially solicited consumers through the use of Spanish-language television and radio spots that advertised a contest to win a vacation package worth thousands of dollars, if consumers called the telephone number provided and answered a simple question.

15.     For instance, Defendants ran television advertisements that opened with a high-pitched noise, a multicolored test screen, and the word "Attention!" (translated from Spanish) in bright yellow letters.  Defendants then showed a quick montage of images, like Disney's "Magic Castle" and "Mickey Mouse," while an announcer explained to consumers (translated from Spanish):

> Attention!  This program has been interrupted.  It's time to win for
> the first thirty people that dial the number that appears on the screen
> and can tell me correctly how that famous Mexican comedian was

4

> also known. His name was Mario Moreno. ... If you know the answer
> ... you are going to go to Disneyland, fully paid, you and your family.
> Also, a surprise gift to Cancun, Las Vegas, Napa Valley and any
> other destination that you choose. Dial and be part of this because
> today you will receive vacations with a value of four thousand
> dollars, and they are yours. Mario Moreno, what? ... Dial the number
> on the screen.

16.     Defendants' radio spots were substantially similar to their television advertisements.  One of Defendants' recent radio spots (translated from Spanish) exclaimed:

> Attention.  Attention.  The first thirty people ... that want to go to
> Punta Cana in the Dominican Republic.  Hotels, meals, drink ... Tell
> me the name of a country that doesn't have the letter A and you will
> go to Punta Cana, and also, four days in Orlando, Florida, with hotels
> and tickets to the parks. Dial right now 1-800-919-6064 ... and good
> luck.

**B.     Closing the Deal**

17.     Consumers who called the number provided in Defendants' advertisements were connected to representatives who uniformly told consumers they had given the correct answer to the trivia question and had won a valuable vacation package.

18.     In a script obtained from a former employee, Defendants directed employees to tell consumers that, "[t]he answer is correct!!!," this is the "winning call," and they have "won."

19.     Defendants' script further advised employees to tell consumers that they were only one of five winners out of 800 callers from twenty states, and as such, they had won trips to additional destinations.

20.     Defendants' script further instructed employees to "Transmit emotion, take advantage of the emotion that the client is feeling, use it to your favor!!!" and to tell consumers, "Congratulations to you and your family... That's great, right?  Are you happy? ... Wonderful!!! Perfect!!!"

5

21.     Once consumers were assured they had won, Defendants then told consumers they had to pay a tax or administrative fee in order to claim their prize.  Defendants explained to consumers that their prize was worth thousands of dollars and that the amount they had to pay equaled only a small fraction of the value of the vacation package.  Defendants then charged consumers a tax or administrative fee, generally ranging from $200-$400.

C.      **The Let-Down**

22.     Consumers who paid Defendants' fee did not receive the vacation packages they were promised.

23.     In many instances, consumers who called Defendants to book their vacations were told they were not eligible to redeem their prize because they did not meet previously undisclosed conditions, limitations, and restrictions, including age, income or marital-status requirements, or required attendance at a timeshare presentation.

24.     In many other instances, Defendants told consumers their promised vacations were no longer available or that consumers had to make additional payments in order to redeem their prize.

25.     Other consumers were unable to claim their prize because they could not reach Defendants at all.

26.     Consumers who were denied their prize were also routinely denied when they asked Defendants for their money back.  Instead, Defendants informed consumers, for the first time, that there was a "no refund" policy, and consumers were simply out their money.

**COUNT I**
(NONDISCHARGEABLE DEBT FOR MONEY OBTAINED BY
FALSE PRETENSES, FALSE REPRESENTATIONS OR ACTUAL FRAUD)

27.     The Commission repeats and realleges the allegations in ¶ ¶ 8 through 26.

6

28.     In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of Defendants' vacation packages, Defendants made representations, directly or indirectly, expressly or by implication, that: (a) consumers who responded to Defendants' promotions had won a prize; or (b) consumers who made a payment to Defendants would receive a vacation package.

29.     In truth and in fact, in numerous instances in which Defendants made the representations set forth in Paragraph 28 of this Complaint, (a) consumers who responded to Defendants' promotions did not win a prize; and (b) consumers who made the payment to Defendants did not receive a vacation package.

30.     Therefore, Debtors representations as set forth in Paragraph 28 were false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

31.     Defendants' activities described above were conducted with knowledge of the falsity of the representations, or with reckless disregard of the truth or falsity of the representations.

32.     Defendants injured consumers by knowingly making false or misleading representations to consumers. These misrepresentations were material to consumers in the course of deciding to pay Defendants, and consumers' reliance on Defendants' misrepresentations was justifiable.

33.     The total amount of the monies Defendants obtained from consumers by their misrepresentations was at least $____, the amount of the judgment against Defendants in the Enforcement Action.

7

34.     Defendants are jointly and severally liable in the Enforcement Action for these misrepresentations.

35.     Consequently, Defendants' judgment debt under the District Court Judgment is one for money, property, or services obtained by false pretenses, false representations or actual fraud, and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiff requests that the Court:

(a)     Determine that the judgment against Debtors under the District Court Judgment in the Enforcement Action in the amount of $____, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(b)     Enter judgment against Debtors in the amount of $_____, which shall remain suspended but subject to reinstatement by the District Court in accordance with Sections ___ and ___ of the District Court Judgment; and

(c)     Grant Plaintiff such other and further relief as this case may require and the Court deems just and proper.

Dated: _____          **FEDERAL TRADE COMMISSION**

                              _____
                              [add name and address of attorney for FTC]

                              Attorney for Plaintiff

8

Attachment "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ADV. PROC. NO. _____ |
| CESAR GONZALEZ & VIOLETA GONZALEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| IN RE: | ) CASE NO. 11-38527-AJC |
| | ) |
| CESAR GONZALEZ & VIOLETA GONZALEZ, | ) CHAPTER 7 |
| | ) |
| Debtors. | ) |
| | ) |

STIPULATED JUDGMENT FOR NONDISCHARGEABILITY OF DEBT

Plaintiff Federal Trade Commission ("FTC" or "Commission") filed a Complaint to

Determine Nondischargeability of Debt under Section 523 of the Bankruptcy Code, 11 U.S.C.

§ 523 (the "Complaint") on _____, 201__.  Defendants Cesar Gonzalez and

1

Violeta Gonzalez waive service of the Summons and Complaint, and agree to entry of a

Stipulated Judgment for Nondischargeability of Debt, as set forth herein.

     1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 157 and 1334, and 11 U.S.C. § 523.

     2.     Venue in the Southern District of Florida is proper under 28 U.S.C. § 1409(a).

     3.     This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(I).

     4.     This Adversary Proceeding relates to *In re Cesar Gonzalez and Violeta Gonzalez*,

Case No. 11-38527-AJC (Chapter 7), now pending in this Court. The Commission is a creditor

with a general unsecured claim against Defendants pursuant to a Judgment and Final Order

("District Court Judgment") entered in the United States District Court for the Southern District

of Florida ("District Court") on _____, 201_, in the case styled *FTC v. VGC Corporation*

*of America*, et al., Case No. 11-21757 ("Enforcement Action").

     5.     The District Court Judgment includes a judgment in favor of the Commission and

against Defendants, jointly and severally, in the principal amount of $14,017,776.00.  District

Court Judgment, Section V, ¶ A.  Based upon financial statements and supporting documents

provided by Debtors to the Commission, the District Court conditionally suspended this

judgment.  District Court Judgment Section V, ¶ B.  The judgment may be reinstated by the

District Court in accordance with Section VI of the District Court Judgment.

     6.     Under Section V, ¶ C of the District Court Judgment, Defendants agreed that the

District Court Judgment is not dischargeable in their bankruptcy case, and that they would

execute this Stipulated Judgment for Nondischargeability of Debt.

2

7.   Accordingly:  (a) the judgment against Defendants under Section V, ¶ A of the

District Court Judgment in the amount of $14,017,776.00 is excepted from discharge under 11

U.S.C. § 523(a)(2)(A); and (b) under Section V, ¶ B of the District Court Judgment, the

judgment is suspended, subject to reinstatement by the District Court.

### 

ENTRY OF THIS ORDER IS STIPULATED AND AGREED TO BY:

Violeta Gonzalez

Cesar Gonzalez
7049 NW 102th Ct.
Doral, FL 33178
*Defendants and Joint Debtors*

/s/ Michael P. Mora
Michael P. Mora (IL 6199875)
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: (202) 326-3373
Facsimile: (202) 326-2558
mmora@ftc.gov
*Counsel for Plaintiff FTC*

3

# Attachment "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Federal Trade Commission, et al.,

Plaintiffs,

v.

VGC Corporation of America, et al.,

Defendants.

**ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER BY DEFENDANTS VIOLETA GONZALEZ AND VGC CORPORATION OF AMERICA**

1.      My name is Violeta Gonzalez.  My job title is President and CEO of VGC Corporation of America, and I am authorized to accept service of process on VGC Corporation of America.  I am citizen of _____ over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2.      I was a Defendant, and VGC Corporation of America was a Defendant, in *FTC et al. v. VGC Corporation of America et al.*, which is the court case listed near the top of this page.

3.      On _____ ___, 2011, I received a copy of the **Judgment and Final Order**, which was signed by the Honorable Jose E. Martinez and entered by the Court on _____ ___, 2011.  A true and correct copy of the Order that I received is attached to this Acknowledgment.

4. On _____ ___, 2011, VGC Corporation of America received a copy of the **Judgment and Final Order**, which was signed by the Honorable Jose E. Martinez and entered by the Court on _____ ___, 2011.  A true and correct copy of the Order attached to this Acknowledgment is a true and correct copy of the Order VGC Corporation of America received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____ ___, 2011.

_____
Violeta Gonzalez,
*individually and as an officer and ower of*
*VGC Corporation of America*

State of _____, City of _____

    Subscribed and sworn to before me
this _____ day of _____, 201__.

    _____
    Notary Public

    My commission expires:

    _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Federal Trade Commission, et al.,

Plaintiffs,

v.

VGC Corporation of America, et al.,

Defendants.

**ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER BY DEFENDANT CESAR A. GONZALEZ**

1.      My name is Cesar A. Gonzalez.  I am a citizen of _____ over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2.      I was a Defendant in *FTC et al. v. VGC Corporation et al.*, which is the court case listed near the top of this page.

3.      On _____ ___, 2011, I received a copy of the **Judgment and Final Order**, which was signed by the Honorable Jose E. Martinez and entered by the Court on _____ ___, 2011.  A true and correct copy of the Order that I received is attached to this Acknowledgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____ ___, 2011.


_____
Cesar A. Gonzalez
*individually and as an owner of*
*VGC Corporation of America*


State of _____, City of _____

Subscribed and sworn to before me
this _____ day of _____, 201__.

_____
Notary Public

My commission expires:

_____